[774 NYS2d 89]

In the Matter of RONALD J. CHISENA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 22, 2004

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Ronald J. Chisena*, West Hempstead, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing six charges of professional misconduct and a supplemental petition containing five charges. In his answer and supplemental answer, he admitted in part, and denied in part, the factual allegations contained in the petition and supplemental petition, denied that he was guilty of any professional misconduct, and asserted several affirmative defenses. The petitioner's case consisted of the testimony of three witnesses and 34 exhibits. The respondent testified on his own behalf and presented one witness and 16 exhibits. At the conclusion of the hearing, the Special Referee sustained all of the charges in the petition and supplemental petition. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the Special Referee's report and to dismiss the charges.

We find that Charges One and Four of the petition and Charge One of the supplemental petition were properly sustained by the Special Referee.

Charge One alleged that the respondent failed to cooperate with the petitioner's investigation of his professional miscon-

duct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). In March 2001 the petitioner received a complaint from the respondent's client Michael Schaefer. By letter dated March 8, 2001, which was sent by regular mail to the respondent's office, the petitioner forwarded the Schaefer complaint to the respondent and requested that he provide a written response within 15 days of his receipt thereof. No response was received.

By letter dated April 6, 2001, which was sent to the respondent's office by certified mail, return receipt requested, the petitioner advised the respondent that it had not received a response to its previous letter and requested that he provide a written response to the Schaefer complaint within 10 days of his receipt of the second letter. The return receipt was signed by the respondent on May 9, 2001. No response was received.

A third letter, dated May 16, 2001, was sent to the respondent's office by certified mail, return receipt requested, advising the respondent of his failure to respond to the two prior letters and that a failure to respond within 10 days of his receipt of the third letter could result in a motion for his interim suspension from the practice of law. The return receipt was signed by the respondent on May 21, 2001. He replied by letter dated May 31, 2001.

By letter dated June 19, 2001, which was sent to the respondent's office by certified mail, return receipt requested, the petitioner asked the respondent to provide additional information regarding the Schaefer complaint within 15 days of his receipt thereof. The return receipt was signed by the respondent on June 21, 2001. No response was received.

By letter dated August 1, 2001, which was sent to the respondent's office by certified mail, return receipt requested, the petitioner advised the respondent that it had not received a response to its previous letter and directed him to provide a written response within 10 days of his receipt of the second letter. The return receipt was signed by the respondent on August 2, 2001. No response was received.

By letter dated August 16, 2001, which was sent to the respondent's office by certified mail, return receipt requested, the petitioner advised the respondent of his failure to respond to the two prior letters and directed him to provide the information requested within 10 days of his receipt of the third letter. The petitioner also advised the respondent that his failure to respond within 10 days could result in a motion for his interim

suspension from the practice of law. The return receipt was signed by the respondent on August 17, 2001. No response was received within the 10-day time period. The respondent sent the petitioner a fax on August 30, 2001, requesting an extension of time to respond until September 5, 2001. No response was received by September 5, 2001. The respondent sent another fax on September 6, 2001, advising the petitioner that his response was mailed that day by certified mail, return receipt requested. The petitioner did not receive the mailed response.

On October 3, 2001, the petitioner's Chairman met personally with the respondent and directed him to provide by October 9, 2001, his responses to the petitioner's letters dated June 19, August 1, and August 16, 2001, and all materials and documentation relating to the purported mailing on September 6, 2001. No response was received.

Charge Four alleged that the respondent failed to cooperate with the petitioner's investigation of his professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). In July 2001 the petitioner received a complaint from the respondent's client Robert Shelala. By letter dated July 20, 2001, which was sent by regular mail to the respondent's office, the petitioner notified the respondent of the Shelala complaint and requested that he provide a written response within 15 days of his receipt thereof. No response was received.

In its letter dated August 16, 2001, which was sent to the respondent's office by certified mail, return receipt requested, the petitioner also advised the respondent that it had not received a response to its previous letter and requested that he provide a written response to the Shelala complaint within 10 days of his receipt of the second letter. The return receipt was signed by the respondent on August 17, 2001. No response was received within the 10-day time period. In his fax on August 30, 2001, the respondent requested an extension of time to respond until September 5, 2001. No response was received by September 5, 2001. In his fax on September 6, 2001, the respondent advised the petitioner that his response was mailed that day by certified mail, return receipt requested. The petitioner did not receive the mailed response.

When the petitioner's Chairman met with the respondent on October 3, 2001, he also directed the respondent to provide by October 9, 2001, his responses to the petitioner's letters dated July 20, 2001, and August 16, 2001, and all material and

documentation relating to the purported mailing on September 6, 2001. No response was received.

Supplemental Charge One alleged that the respondent failed to cooperate with the petitioner's investigation of a sua sponte complaint, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). In October 2001 the petitioner initiated a sua sponte complaint against the respondent. By letter dated November 13, 2001, which was sent by regular mail to the respondent's office, the petitioner notified the respondent of the sua sponte complaint and requested a written response within 15 days of his receipt thereof. No response was received.

By letter dated February 4, 2002, which was hand-delivered to the respondent on February 6, 2002, the petitioner advised the respondent that it had not received a response to its previous letter and requested that he provide a written response to the sua sponte complaint within 10 days of his receipt of the second letter. No response was received.

By letter dated February 21, 2002, which was hand-delivered to the respondent on the same day, the petitioner advised the respondent that it had not received a response to its two prior letters and demanded that he provide a written response to the sua sponte complaint and an explanation for his failure to cooperate with the petitioner within five days of his receipt of the third letter. No response was received.

Based on the evidence adduced at the hearing, Charges One and Four and Supplemental Charge One were properly sustained by the Special Referee. The remaining charges are not sustained and must be dismissed on the ground that they are beyond the scope of this Court's decisions and orders dated December 28, 2001, and May 16, 2002, which authorized the institution and prosecution of the instant disciplinary proceedings against the respondent based on his failure to cooperate with the petitioner. The dismissal, however, is without prejudice to the petitioner to apply for authorization to institute and prosecute an additional disciplinary proceeding against the respondent based on the conduct underlying the dismissed charges.

The respondent's prior disciplinary history consists of two letters of caution, five letters of admonition, and a reprimand.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he is the sole financial support of his wife, his mother, and his mother-in-

law; that both his mother and mother-in-law are elderly and require medical care that is not covered by insurance; that he and his wife are the sole caregivers of his mother and mother-in-law; and that he is the sole financial support of his son, who is enrolled in a graduate program at St. John's University. The respondent also asks the Court to consider that the practice of law is his only source of income, that he suffers from coronary artery disease for which he has been hospitalized on numerous occasions, and that he provides hundreds of hours of pro bono services to his clients every year.

The respondent's disciplinary history reveals a pattern of failing to cooperate with the petitioner. Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted insofar as Charges One and Four and Supplemental Charge One are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee and to dismiss the charges is granted insofar as Charges Two, Three, Five, and Six, and Supplemental Charges Two through Five are not sustained and are dismissed without prejudice to the petitioner to apply for authorization to institute and prosecute an additional disciplinary proceeding against the respondent based on the underlying conduct, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Ronald J. Chisena, is suspended from the practice of law for a period of two years, commencing April 26, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the two-year period, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Ronald J. Chisena, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.